# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELIAS ARUGETA ROBLERO (A No. 240-390-434),<br><br>Petitioner,<br><br>v.<br><br>MULLIN, et al.,<br><br>Respondents. | Case No. 1:26-cv-02561-JLT-FJS<br><br>ORDER WITHDRAWING THE REFERENCE OF THIS MATTER TO THE MAGISTRATE JUDGE; GRANTING PETITION FOR WRIT OF HABEAS CORPUS; AND DIRECTING RESPONDENTS TO PROVIDE A SUBSTANTIVE BOND HEARING<br><br>(Doc. 1) |

Elias Arugeta Roblero is a federal immigration detainee proceeding with a pending habeas petition pursuant to 28 U.S.C. § 2241. (Doc. 1.) This matter was initially referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302. (*See* Doc. 4.) In the interest of justice and to promote judicial and party efficiency, the undersigned hereby withdraws that reference, and for the reasons set forth below, **GRANTS** the Petition.

## I.    FACTUAL & PROCEDURAL BACKGROUND

Petitioner is a citizen of Mexico who entered the United States on or around year 2000 and was not encountered or processed by federal immigration officials.[1] (*See* Doc. 1 at 15–16;

---

[1] Petitioner indicates that "[h]e has no previous contact with immigration authorities" and that "[s]ince his arrival, [he] has resided continuously . . . in the United States for more than twenty-five years." (Doc. 1 at 15–16.) Petitioner also does not claim to have been inspected or paroled at the time of entry. (*See id*.) The Court thus finds that Petitioner entered the country unlawfully sometime in 2000 and was not encountered at that time. Indeed, the I-213 indicates that Petitioner "admits to having entered the United States without inspection and at a place other than an open and designated Port of Entry." (Doc. 6-1 at 2.)

Doc. 6-1 at 2.) Petitioner has no criminal history, but on February 14, 2026, he was arrested and charged for driving with a suspended license. (Doc. 6-1 at 2–3; *see also* Doc. 1 at 15, ¶ 44.) That day, local police transferred him to custody of Immigration and Customs Enforcement. (Doc. 6 at 1; Doc. 1 at 16, ¶ 47.) Soon after, ICE issued a notice to appear on February 16, 2026, charging Petitioner as removable under INA §§ 212(a)(6)(A)(i), (a)(7)(A)(i)(I). (Doc. 6-1 at 4–7.) Petitioner is currently detained at California City Detention Facility in California. (Doc. 1 at 16, ¶ 47.) Since his unlawful entry twenty-five years ago, Petitioner has resided continuously in the United States. (Doc. 1 at 16.) He is the father of four U.S. citizen children, including his young son who suffers from serious neurological conditions. (*Id*.) He is also the owner and operator of Quality Renovation FL LLC, through which he provides construction and renovation services throughout Florida. (*Id*.) On April 5, 2026, Petitioner filed petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that his due process rights have been violated. (Doc. 1.) On April 24, 2026, Respondents filed a response to the habeas petition, arguing that Petitioner's detention is "mandatory" under expedited removal procedures set forth in 8 U.S.C. § 1225(b)(2). (Doc. 6 at 1–3.)

## II.   LEGAL STANDARD

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A.A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

## III.   DISCUSSION

Petitioner claims that his ongoing detention without notice and a pre-deprivation hearing before a neutral decisionmaker violated his rights under the Due Process Clause of the Fifth Amendment. (Doc. 1 at 2–5, 17–20.) To the extent Respondents substantively address Petitioner's due process argument, they assert that Petitioner is subject to mandatory detention under 8 U.S.C.

§ 1225(b) of the INA and therefore categorically ineligible for a bond hearing. (Doc. 6 at 1, 2 n.1.) This Court has previously addressed similar due process arguments made by individuals who entered the United States without permission long ago and have resided here for many years without interacting with the immigration system and found that such individuals are not subject to mandatory detention under § 1225(b). *See R.P.V. v. Minga Wofford*, et al., No. 1:26-CV-01010 JLT EPG (HC), 2026 WL 494748, at *2 (E.D. Cal. Feb. 23, 2026); *Velasco v. Chestnut*, No. 1:26-CV-01200 JLT SKO (HC), 2026 WL 542242 at *1 (E.D. Cal. Feb. 26, 2026); *Elder Lopez Lopez*, v. *Christopher Chestnut*, et al., No. 1:26-CV-01455-JLT-EPG, 2026 WL 640887 at *1 (E.D. Cal. Mar. 6, 2026).

Furthermore, courts nationwide, including this one, have rejected Respondents' legal position and found the DHS policy unlawful. *See e.g., Espinoza v. Kaiser*, No. 1:25-CV-01101 JLT SKO, 2025 WL 2581185 (E.D. Cal. Sept. 5, 2025); *Ortiz Donis v. Chestnut*, 1:25-CV-01228-JLT, 2025 WL 2879514 (E.D. Cal. Oct. 9, 2025); *M.R.R. v. Chestnut*, No. 1:25-CV-01517-JLT-SKO, 2025 WL 3265446 (E.D. Cal. Nov. 24, 2025); *Aguilera v. Albarran*, No. 1:25-CV-01619 JLT SAB, 2025 WL 3485016 (E.D. Cal. Dec. 4, 2025); *J.E.H.G. v. Chestnut*, No. 1:25-CV-01673-JLT-SKO, 2025 WL 3523108 (E.D. Cal. Dec. 9, 2025); *Garcia v. Chestnut*, No. 1:25-CV-01907-JLT-CDB, 2025 WL 3771348 (E.D. Cal. Dec. 31, 2025); *Carlos v. Chestnut*, No. 1:26-CV-00007-JLT-SKO (HC), 2026 WL 145889 (E.D. Cal. Jan. 20, 2026).

Respondents offer little to rebut Petitioner's due process claim and do not provide any justification for detaining Petitioner. Therefore, for the reasons stated in this Court's prior orders, the Court finds that Petitioner's re-detention without a pre-deprivation hearing violated the Due Process Clause of the Fifth Amendment. Seeing as no Immigration Judge or other immigration official has ever considered whether he may be released—because he was not encountered at the time he entered the country—a bond hearing is the appropriate remedy.

### IV.      CONCLUSION AND ORDER

1.      The petition for writ of habeas corpus (Doc. 1) is **GRANTED.**

2.      Respondents are **ORDERED** to provide Petitioners with a bond hearing in accordance with 8 U.S.C. § 1226(a) within **14 days** of the date of this Order, in which the parties

will be allowed to present evidence and argument about whether Petitioners are a danger to the community and present a flight risk if not detained. If Respondents do not provide Petitioners with a bond hearing under 8 U.S.C. § 1226(a) as required herein, Petitioner must be immediately released from detention. If Respondents fail to provide a timely bond hearing in accordance with this order, Respondents are ordered to immediately release Petitioner;

4.      Prior to the bond hearing, the Petitioner and his counsel **SHALL** receive meaningful notice of the scheduled hearing and both **SHALL** be entitled to appear at the hearing.

5.      The Clerk of Court is directed to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

Dated:   **April 29, 2026**

UNITED STATES DISTRICT JUDGE